

Littler Mendelson P.C.
900 Third Avenue
New York, New York 10022

Eric A. Savage
212.583.2695 direct
ESavage@littler.com

December 9, 2022

**VIA ECF**

Hon. Renée Marie Bumb, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:    *Timothy Sorrentino v. Express Scripts, Inc. et al.*
            Civil Action No.: 1:22-cv-06769

Dear Judge Bumb:

We represent Defendants Express Scripts Inc. ("Express Scripts"), Evernorth Health Inc. ("Evernorth") and Cigna Corporation (improperly pled as Cigna Inc.) ("Cigna" and collectively "Defendants") in the above matter. We write this letter pursuant to Your Honor's Rules and Procedures to request permission to file a motion to compel arbitration and dismiss the pending matter.

    I.    **Brief Factual Summary and Allegations**

Plaintiff Timothy Sorrentino ("Plaintiff") began working for Defendants in or about April 2015. (*Compl*. ¶ 19). Plaintiff began his career with Defendants as an Operations/Purchasing Manager and was later promoted to Senior Operations/Purchasing Manager in July 2016. (*Id*. at ¶¶ 19-20). During the time Plaintiff was employed by Defendants, Plaintiff served in the New Jersey Army National Guard ("National Guard.") (*Id*. at ¶¶ 8-9) Plaintiff's service in the National Guard required him to take military leave on various occasions during his employment with Defendants. (*Id*. at ¶ 22) Plaintiff terminated his employment with Defendants in December 2021 when he secured alternative employment. (*Id*. at ¶ 75)

On March 1, 2020, Plaintiff executed a Voluntary Arbitration Agreement ("Arbitration Agreement") which,

> applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") employment or relationship with Cigna or the relationship with any of Cigna's

Hon. Renée Marie Bumb, U.S.D.J.
December 9, 2022
Page 2

> agents, employees, affiliates, successors, subsidiaries, assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates.

Despite the valid and enforceable Arbitration Agreement, on September 21, 2022, Plaintiff filed a two count Complaint in the New Jersey Superior Court, Law Division, Burlington County (the "Complaint.") alleging discrimination and a hostile work environment based on his military service. On November 28, 2022, Defendants removed the matter to the United States District Court, District of New Jersey.

On November 28, 2022, our office provided counsel for Plaintiff with a copy the Arbitration Agreement and Acknowledgment of the Voluntary Arbitration Agreement executed by Plaintiff and requested that Plaintiff stipulate to arbitration pursuant to the terms of the Arbitration Agreement. Thereafter, on December 2, 2022, and December 6, 2022, Defendants' counsel sent emails to Plaintiff's counsel again requesting that Plaintiff stipulate to arbitration pursuant to the terms of the Arbitration Agreement. Plaintiff's counsel however, repeatedly failed to substantively respond to Defendants' request.

## II.   **Plaintiff Must Arbitrate the Claims in His Complaint in Accordance with the Parties' Arbitration Agreement**

Both Federal and New Jersey law and public policy strongly favor arbitration. The Federal Arbitration Act ("FAA"), which governs employment-related arbitration agreements (and specifically governs the Arbitration Agreement under its express terms), mandates that any agreement to settle a dispute by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Additionally, the New Jersey Supreme Court maintains a long-held view that "[a]n arbitration agreement is a contract, and is subject, in general, to the legal rules governing the construction of contracts." *McKeeby v. Arthur*, 7 N.J. 174, 181 (1951) (citations omitted). Accordingly, the Arbitration Agreement in this is both valid and enforceable.

Whether parties have agreed to arbitrate claims is a question of law for the court. *Bd. of Educ. of Bloomfield v. Bloomfield Educ. Ass'n*, 251 N.J. Super. 379, 383 (App. Div. 1990) ("Whether the parties are contractually obligated to arbitrate a particular dispute is a matter for judicial resolution."), *aff'd*, 126 N.J. 300 (1991); *Moreira Constr. Co. v. Twp. of Wayne*, 98 N.J. Super. 570, 575 (App. Div.) ("[I]t is inescapably the duty of the judiciary to construe the contract to resolve any disagreement of the parties as to whether they have agreed to arbitrate . . . ."), *certif. denied*, 51 N.J. 467 (1968).

Here, the Arbitration Agreement is enforceable because it clearly and unmistakably explains that Plaintiff agreed to arbitrate all claims related to Plaintiff's employment relationship with Cigna. By executing the Arbitration Agreement and agreeing to its terms, Plaintiff explicitly agreed to

Hon. Renée Marie Bumb, U.S.D.J.
December 9, 2022
Page 3

waive its right to a trial in court and agreed to arbitrate all disputes and claims that might arise in connection with his employment.

Additionally, the New Jersey Supreme Court has left no doubt that, "in New Jersey, the guiding principle governing the scope of an arbitration agreement is that 'those issues may be arbitrated which the parties have agreed shall be.'" *U.S. Auto. Ass'n*, 156 N.J. at 486-87 (internal quotations and citations omitted). Additionally, the FAA does not vest any discretionary authority in the Court to decide whether to allow a case to proceed in Court versus arbitration. Rather, the Court need only satisfy itself that there is an "agreement to arbitrate" and that the issue involved is referable to arbitration under the agreement. 9 U.S.C. § 3. Once that determination has been made, the Court is required to stay or dismiss the case. *See Alfano*, 393 N.J. Super. at 577; *see also U.S. v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001) ("If the issues in the case are within the contemplation of the arbitration agreement, the FAA's stay-of-litigation provision is mandatory, and there is no discretion vested in the court to deny the stay").

Consequently, under the FAA and established state and federal case law, the Court must dismiss or stay this lawsuit in accordance with the Parties' agreement to arbitrate the claims.

### III. **Proposed Briefing Schedule**

Unless the parties and the Court determine otherwise at the conference, Defendants request permission to file their motion papers by January 13, 2023, Plaintiff's opposition papers would be due January 23, 2022, and Defendant's reply papers would be due on January 10, 2022.

We thank the Court for its attention to this matter.


Respectfully submitted,

*/s/ Eric A. Savage*

Eric A. Savage

cc: Christopher D'Allesandro, Esq. (via ECF)


4887-2928-3139.1 / 081383-1035